JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DAVID SCHWARTZ

## DEFENDANTS

MAIN STREET AMERICA PROTECTION INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff  **Bucks County, PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Chesire County, NH**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Edward M. Zawrotny, Esquire
Suite 1331, 100 South Broad Street
Phila., PA  19111 (215) 569-8070

Attorneys *(If Known)*
Bryan M. Shay (Post & Schell, P.C.)
Four Penn Center, 13th Fl., 1600 JFK Blvd.
Phila., PA  19103 (215) 587-1182

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | **IMMIGRATION** | | |
| | | ☐ 555 Prison Condition | ☐ 462 Naturalization Application | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Insurance breach of contract and bad faith

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
>75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE
Feb 23, 2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____34 Glasgow Road, Richboro, PA  18954_____

Address of Defendant: _____55 West Street, Keene, NH  03431_____

Place of Accident, Incident or Transaction: _____Philadelphia, PA_____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __02/23/2022__   _Attorney-at-Law / Pro Se Plaintiff_   __205953__  _Attorney I.D. # (if applicable)_

---

**CIVIL: (Place a √ in one category only)**

A.   **Federal Question Cases:**

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Patent
- ☐ 6.  Labor-Management Relations
- ☐ 7.  Civil Rights
- ☐ 8.  Habeas Corpus
- ☐ 9.  Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
      *(Please specify):* _____

B.   **Diversity Jurisdiction Cases:**

- ☑ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify):* _____
- ☐ 7.  Products Liability
- ☐ 8.  Products Liability – Asbestos
- ☐ 9.  All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Bryan M. Shay__, counsel of record *or* pro se plaintiff, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: __02/23/2022__   _Attorney-at-Law / Pro Se Plaintiff_   __205953__  _Attorney I.D. # (if applicable)_

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID SCHWARTZ,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **NO.** |
| **MAIN STREET AMERICA PROTECTION** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## NOTICE OF REMOVAL

Defendant Main Street America Protection Insurance Company ("Main Street") hereby removes the above-captioned action, which is presently docketed in the Court of Common Pleas of Philadelphia County at January Term, 2022, No. 00624, pursuant to 28 U.S.C. § 1441, *et seq.* In support thereof, Main Street avers as follows:

### The Parties and Background

1.    This alleged breach of insurance contract and bad faith action arises from a dispute between plaintiff David Schwartz and Main Street regarding Plaintiff's claim for underinsured motorist ("UIM") benefits under a policy of automobile insurance issued to Plaintiff by Main Street ("the Policy").  A copy of Plaintiff's Complaint is attached hereto as Exhibit "1."

2.    Plaintiff's Complaint was served on Main Street on January 24, 2022.  *See* Exhibit "2."

3.    Plaintiff alleges that he is a citizen of Pennsylvania, as he resides at 34 Glasgow Road, Richboro, PA 18954.  *See* Ex. 1 at ¶ 1.

4.    Main Street is a corporation organized and existing under the laws of the State of Florida, and it has its principal place of business at 4601 Touchton Road, Suite 3400, Jacksonville, Florida 32246.

5.    In his Complaint, Plaintiff alleges that he was involved in an automobile accident that occurred on November 25, 2019.  *Id*. at ¶¶ 4-6.

6.    Plaintiff further alleges that the subject automobile accident was caused by the negligence of the driver of another vehicle. *Id*. at ¶¶ 7-8; *see also id*. at ¶ 11.

7.    Plaintiff further alleges that he suffered substantial bodily injuries as a result of the subject accident. *See id*. at ¶ 9; *id*. at ¶¶ 12-15.

8.    Plaintiff's Complaint further alleges that at the time of the subject accident, Plaintiff was insured under the Policy, which included UIM coverage. *Id*. at ¶ 17.

9.    A true and correct copy of the Declarations Pages of Plaintiff's Policy is attached hereto as Exhibit "3."

10.    In connection with the subject accident, Plaintiff asserted a claim for UIM benefits. *Id*. at ¶ 18.

11.    Plaintiff alleges that he demanded the $250,000 Policy limits in satisfaction of his UIM claim, but Main Street offered $10,000 in UIM benefits. *Id*. at ¶ 23.

12.    In Count I of Plaintiff's Complaint, Plaintiffs alleges that he is entitled to the UIM coverage under the Policy as a result of the injuries he suffered in the subject accident.  *Id*. at ¶¶ 10-18.

13.    Count I seeks damages "in an amount in excess of Fifty Thousand Dollars, plus costs and other relief this court deems necessary." *Id*.

14.     In Count II ("Bad Faith"), Plaintiff alleges that Main Street acted in bad faith during the handling of Plaintiff's UIM claim, such that Main Street violated Pennsylvania's insurance bad faith statute, 42 Pa. C.S. § 8371.  *Id*. at ¶¶ 19-26.

15.     Count II seeks damages "in an amount in excess of Fifty Thousand ($50,000) Dollars, together with compensatory damages, punitive damages, interest, costs of suit, attorney's fees and other damages allowed by 41 [*sic*] Pa. C.S.A. Section 8371."  *Id*.

16.     In Count III ("Breach of Contract"), Plaintiff alleges that Main Street breached the Policy by not providing him with the UIM benefits he demanded. *Id*. at ¶¶ 27-32.

17.     Count III seeks damages "in an amount in excess of Fifty Thousand ($50,000) Dollars, together with compensatory damages, punitive damages, interest, costs of suit, attorney's fees and other damages." *Id*.

18.     Main Street now timely removes the instant matter to this Court.

### Basis for Removal to Federal Court

19.     A defendant may remove a civil action that was filed in a state court to the federal court for the district in which the state court action is pending, provided the federal court would have original jurisdiction to address the matter.  *See* 28 U.S.C. §§ 1441(a); 1446(a).

20.     This Court's original jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, insofar as all parties are of diverse citizenship at all times material hereto, and Plaintiff's claimed damages are in excess of $75,000, as established below.

21.     The burden of demonstrating federal court jurisdiction under 28 U.S.C. § 1332 is on the party invoking that jurisdiction, *see Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007), and the defendant's right to remove is to be determined according to the plaintiff's

pleading at the time of the petition for removal.  *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999).

22.     As noted above, Plaintiff is a citizen of Pennsylvania, and Main Street is a citizen of Florida.  *See* 28 U.S.C. § 1332(c)(1) (stating that a corporation shall be deemed to be a citizen of any state in which it has been incorporated, as well as the state in which it has its principal place of business).

23.     Thus, the requisite diversity of citizenship exists between the parties.

24.     Generally, the amount in controversy is evaluated by looking to the demand for relief in the complaint.  *See, e.g.*, *Samuel-Basset v. Kia Motors America, Inc.*, 357 F.3d 392, 398-99 (3d Cir. 2004).

25.     Where, however, the claim for damages is not specific as to the amount, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  *See Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

26.     In addition, where—as here—the plaintiff does not specifically aver in his complaint that the amount in controversy is less than the jurisdictional minimum, removal should be permitted unless it appears to a legal certainty that the plaintiff cannot recover the jurisdictional minimum.  *See Samuel-Bassett*, 357 F.3d at 397-98; *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).

27.     The alleged UIM and breach of contract counts of Plaintiff's Complaint (Counts I and III) satisfy the amount in controversy on their own, as Plaintiff is alleging an entitlement to the UIM coverage in the Policy.

28. As the value of these benefits can be up to the $250,000 Policy limits, the "value of the rights being litigated" in this action is in excess of the $75,000 removal threshold.

29. In fact, Plaintiff's Complaint expressly states that his claim seeks the full amount of the Policy limits; thus, the amount in controversy in connection with the UIM claim is at least $250,000. *See* Ex. 1 at ¶ 23.

30. Similarly, Count II of Plaintiff's Complaint is sufficient to satisfy the amount in controversy on its own, as Count II seeks bad faith damages against Main Street that—pursuant to 42 Pa. C.S. § 8371—may include attorneys' fees and costs, interest on insurance proceeds owed, and punitive damages. *See, e.g.*, 42 Pa. C.S. § 8371; *see also Hook v. Progressive Casualty Ins. Co.*, 2008 U.S. Dist. LEXIS 68985, at **7-10 (M.D. Pa. Aug, 18, 2008).

31. Where attorneys' fees are available by operation of a statute such as § 8371, the recovery of such sums is to be included in the calculation of damages for purposes of determining the amount in controversy. *See, e.g.*, *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997); *see also Morris v. Bankers Life & Cas. Co.*, 2012 U.S. Dist. LEXIS 23952, at *5 (E.D. Pa. Feb. 23, 2012) ("[A]ttorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action."); *Stehle-Rosellini v. Allstate Corp.*, 2010 U.S. Dist. LEXIS 5709, at **11-12 (W.D. Pa. Jan. 25, 2010) (same).

32. Likewise, statutorily-available punitive damages are included in the calculation of damages for purposes of determining the amount in controversy. *See, e.g.*, *Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004); *see also Fine v. State Farm Fire & Cas. Co.*, 1993 U.S. Dist. LEXIS 7682, at **3-4 (E.D. Pa. June 11, 1993); *Hook*, 2008 U.S. Dist. LEXIS 68985, at **7-10.

33.     Given the availability of statutory punitive damages and attorneys' fees under § 8371, it therefore cannot be said "to a legal certainty" that Plaintiff cannot recover the jurisdictional minimum of $75,000 in Count II alone.  *See Samuel-Bassett*, 357 F.3d at 397-98; *see also Frederico*, 507 F.3d at 196-97.

34.     Furthermore, for the purposes of calculating the amount in controversy, the separate contract (Counts I and III) and statutory bad faith (Count II) claims alleged by Plaintiff must be aggregated, as each claim sets forth distinct legal theories and requires differing burdens of proof, while also allowing for separate recoveries of damages.  *See, e.g.*, *Brown v. Liberty Mutual Fire Ins. Co.*, 2006 U.S. Dist. LEXIS 76139, at *8 (E.D. Pa. Oct. 19, 2006) (holding that plaintiff's demand of $50,000 each for a breach of contract and bad faith claim satisfied amount in controversy requirement); *see also Miller v. Progressive Cas. Ins. Co.*, 2008 U.S. Dist. LEXIS 32074, at **6-7 (M.D. Pa. Apr. 17, 2008) (aggregating amount demanded in breach of contract claim with punitive damages available for bad faith); *Kidd v. Prudential Ins. Co. of America*, 2008 U.S. Dist. LEXIS 2934, at **6-7 (M.D. Pa. Jan. 15, 2008) (holding that plaintiff's demand of $35,000 for contract count and $50,000 for bad faith count satisfied amount in controversy requirement); *Ketz v. Progressive N. Ins. Co*., 2007 U.S. Dist. LEXIS 43245, at **8-9 (M.D. Pa. June 14, 2007) (holding that bad faith and breach of contract are "not alternative bases for recovery and can be aggregated to calculate the amount in controversy.").

35.     Because Plaintiff states that he seeks a minimum of $50,000 in each Count of his Complaint, the Complaint—on its face—alleges an aggregate amount in controversy in excess of $100,000.

36.     Given that the alleged damages in Plaintiff's breach of contract and bad faith counts can be aggregated; and given Plaintiff's alleged entitlement to contract- and tort-based

damages, statutory punitive damages, and statutory attorneys' fees, the instant action satisfies the amount in controversy requirement pursuant to 28 U.S.C. § 1332, insofar as the amount in controversy is in excess of $75,000 and it cannot be said "to a legal certainty" that Plaintiff cannot recover more than that amount.

37.    The United States District Court for the Eastern District of Pennsylvania is the District Court having jurisdiction over this matter, as the instant civil matter was originally filed in the Court of Common Pleas of Philadelphia County.

38.    Main Street has timely filed for removal of the instant matter to this Court, as it has filed this Notice of Removal within thirty (30) days of service of the Complaint on Main Street.  28 U.S.C. § 1446(b).

39.    As required under 28 U.S.C. § 1446(d), Main Street has also filed copies of this Notice of Removal, and related papers, with the Prothonotary for the Court of Common Pleas of Philadelphia County, in order to effect the removal of this action.

40.    Simultaneous with the filing of this Notice of Removal, Main Street has given written Notice of Removal to counsel for Plaintiff.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1441 and 1446, Main Street respectfully requests that the above-captioned matter, now pending in the Court of Common Pleas of Philadelphia County, be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**POST & SCHELL, P.C.**

BY:    */s/ Bryan M. Shay*
          **BRYAN M. SHAY, ESQ.**
          (PA Bar No. 205953)
          Four Penn Center, 13th Fl.
          1600 John F. Kennedy Blvd.
          Philadelphia, PA 19103
          Phone: 215-587-1182
          Fax: 215-587-1444
          E-mail: bshay@postschell.com
          *Attorneys for Defendant*

**DATED:** **February 23, 2022**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing <u>Notice of Removal</u> to be served on all counsel of record via electronic filing and first-class U.S. Mail, postage pre-paid.

**POST & SCHELL, P.C.**

**BY:**     */s/  Bryan M. Shay*
**BRYAN M. SHAY, ESQ.**
    (PA Bar No. 205953)
Four Penn Center, 13th Fl.
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
Phone: 215-587-1182
Fax: 215-587-1444
E-mail: bshay@postschell.com
*Attorneys for Defendant*

**DATED:  <u>February 23, 2022</u>**

# EXHIBIT 1

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

JANUARY 2022
E-Filing Number: 2201015855

000624

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| DAVID SCHWARTZ | MAIN STREET AMERICA PROTECTION INSURANCE COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 34 GLASGOW ROAD<br>RICHBORO PA 18954 | 55 WEST STREET<br>KEENE NH 03431 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[X] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | FILED<br>PRO PROTHY<br>JAN 10 2022<br>S. RICE | YES          NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: DAVID SCHWARTZ

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| EDWARD M. ZAWROTNY | 100 S BROAD ST<br>SUITE 1331<br>PHILADELPHIA PA 19110 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)569-8070 | (215)569-8370 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 64567 | ezawrotnylaw@aol.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| EDWARD ZAWROTNY | Monday, January 10, 2022, 12:50 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

1/25/2022 1:22:41 PM Batch: 18269484

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

Filed and Attested by the
Office of Judicial Records
JAN 2022
pm

EDWARD M. ZAWROTNY, ESQUIRE
Identification No: 64567
Suite 1331, 100 South Broad Street
Philadelphia, PA 19111
(215) 569-8070

DAVID SCHWARTZ
34 Glasgow Road
Richboro, PA 18954
vs.
MAIN STREET AMERICA PROTECTION  INSURANCE COMPANY
55 West Street
Keene, NH  03431

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you. | Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once.  If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado inmediatamente.  Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio.  Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |

10-284

Case ID: 220100624

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

EDWARD M. ZAWROTNY, ESQUIRE
Identification No:  64567
Suite 1331, 100 South Broad Street
Philadelphia, PA   19110
(215) 569-8070

Attorney for Plaintiff

---

DAVID SCHWARTZ                              :        COURT OF COMMON PLEAS
34 Glasgow Road                             :        PHILADELPHIA COUNTY
Richboro, PA  18954                         :        CIVIL TRIAL DIVISION
                    Plaintiff               :
                                            :
        vs.                                 :
                                            :
MAIN STREET AMERICA PROTECTION              :
INSURANCE COMPANY                           :
55 West Street                              :
Keene, NH   03431                           :
                    Defendant               :        NO:

## COMPLAINT

1.      Plaintiff, David Schwartz, is a resident of the Commonwealth of Pennsylvania,

residing at the address listed in the caption of this Complaint.

2.      Defendant, Main Street America Protection Insurance Company, was at all times

material hereto, an insurance company, duly authorized and licensed to practice its profession by

the Commonwealth of Pennsylvania, and was engaged in the practice of providing insurance

policies, including but not limited to motor vehicle liability policies including underinsured and

uninsured motorist coverage.

3.      Upon information and belief, Defendant regularly and systematically transacts

business in Philadelphia County so as to be subject to venue and in personem jurisdiction in

Philadelphia.

4.    On or about November 25, 2019, at approximately 1:16 p.m., Plaintiff was the operator of a motor vehicle, which was traveling on I-95 northbound at Exit 26 in Philadelphia, Pennsylvania.

5.    At the same date and time, tortfeasor, David Matlack was the owner and operator of a motor vehicle, which was traveling at or near the aforesaid intersection and/or location of Plaintiff's vehicle.

6.    At or about the same date and time, tortfeasor's vehicle was involved in a motor vehicle collision resulting in a rear end collision with Plaintiff's vehicle.

7.    The aforesaid motor vehicle collision was the direct result of the tortfeasor negligently and/or carelessly operating his vehicle in such a manner to cause a collision.

8.    The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of the tortfeasor and not the result of any action or failure to act by the Plaintiff.

9.    As a result of the accident, the Plaintiff suffered serious, severe and permanent bodily injuries set forth more fully below.

## COUNT I

### David Schwartz v. Main Street America Protection Insurance Company

10.    Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

11.    The negligence and/or carelessness of the tortfeasor, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but are not limited to, the following:

    a.    Causing rear end collision of the vehicle;

b.   Failing to yield the right of way;

c.   Operating his/her vehicle into Plaintiff's lane of travel;

d.   Failing to maintain proper distance between vehicles;

e.   Operating said vehicle in a negligence and/or careless manner;

f.   Failing to have said vehicle under proper and adequate control;

g.   Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

h.   Violation of the "assured clear distance ahead" rule;

I.   Failure to keep a proper lookout;

j.   Failure to apply brakes earlier to stop the collision.

k.   Being inattentive to his/her duties as an operator of a motor vehicle;

l.   Disregarding traffic lanes, patterns, and other devices;

m.   Driving at a high rate of speed which was high and dangerous for conditions;

n.   Failure to remain continually alert while operating said vehicle;

o.   Failing to perceive the highly apparent danger to others which the action and/or inactions posed;

p.   Failing to give Plaintiff meaningful warning signs concerning the impending collision;

q.   Failing to exercise ordinary care to avoid a collision;

r.   Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

s.   Operating said vehicle without disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him.

t.   Continuing to operate the vehicle in a direction towards Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

u.   Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles.

12.   As a direct and consequential result of the negligence and/or careless conduct of the tortfeasor, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

13.   As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

14.   As an additional result of the carelessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

15.   As a further result of the aforesaid injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

16.     Upon information and belief, at the time of the aforementioned motor vehicle collision, the aforesaid tortfeasor's motor vehicle insurance policy and/or liability insurance were insufficient to fully and adequately compensate Plaintiff for the injuries suffered in the above set forth motor vehicle collision and/or other damages and expenses related thereto.

17.     At the date and time of the aforementioned motor vehicle collision, Plaintiff, was the owner and operator of a motor vehicle was covered by a policy of insurance issued by Defendant, under Policy Number 01U2624U which included coverage for underinsured motorist coverage applicable to Plaintiff.

18.     Accordingly, Plaintiff asserts an Underinsured Motorist Claim against Defendant.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against defendant, in an amount in excess of Fifty Thousand Dollars, plus all costs and other relief this court deems necessary.

## COUNT II - BAD FAITH

19.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

20.     The actions of the defendant Main Street America Protection Insurance Company in the handling of plaintiff's underinsured claim constitutes bad faith as defined under 41 Pa. C.S. A. Section 8371 as follows:

        a.    failing objectively and fairly to evaluate plaintiff's claim;

        b.    failing to objectively and fairly to reevaluate plaintiff's claim based on new information;

        c.    engaging in dilatory and abusive claim handling;

        d.    failing to adopt or implement reasonable standard in evaluating

plaintiff's claims;

e.  acting unreasonably and unfairly in response to plaintiff's claim;

f.  not attempting in good faith to effectuate a fair, prompt and equitable settlement of plaintiff's claim in which the defendant's liability under the policy had become reasonable clear;

g.  subordinating the interests of its insured and those entitled under its insureds coverage to its own financial monetary interests;

h.  failing to promptly offer reasonable payment to the plaintiff;

I.  failing reasonably and adequately to investigate plaintiff's claim;

j.  failing reasonably and adequately to evaluate or review the medical documentation in defendant's possession;

k.  violating the fiduciary duty owed to the plaintiff;

l.  acting unreasonably and unfairly by withholding underinsured motorist benefits justly due and owing to the plaintiff;

m.  failing to make an honest, intelligent and objective settlement offer;

n.  causing plaintiff to expend money on the presentation of his claim;

o.  causing the plaintiff to bear the stress and anxiety associated with litigation.

21.    An insurer such as the defendant Main Street America Protection Insurance Company has a fiduciary, contractual and statutory obligation to those such as the plaintiff.

22.    At all relevant times plaintiff fully complied with the terms and conditions of the policy and all conditions precedent and subsequent to his right to recover under the policy.

23.    To date, defendant Main Street America Protection Insurance Company has made an offer of $ 10,000.00 to resolve this claim.  Plaintiff has demanded the defendant Main Street America Protection Insurance Company tender its policy limits of $250,000.00 in underinsured motorist coverage.

24.    Defendant Main Street America Protection Insurance Company is and continue to act in bad faith in their failure to tender their policy limits of $250,000.00 for the following reasons:

       a.    this accident was clearly the result of the tortfeasor's negligence;

       b.    plaintiff has sustained serious and significant injuries as a direct result of this accident;

       c.    as a direct result of the serious and permanent injuries sustained by the plaintiff in this accident, his life has been and will continue to be significantly affected.

25.    For the reasons set forth above Defendant Main Street America Protection Insurance Company has violated the policy of insurance, its obligation as an insurer, has failed to act toward the plaintiff in good faith and has violated 41 Ps. C.S.A. Section 8371 for which defendant is liable for compensatory and punitive damages, together with interest, attorneys fees and such other relief as the court deems appropriate.

26.    Defendant Main Street America Protection Insurance Company has engaged in wanton and reckless conduct with regard to the welfare, interest and rights of the plaintiff and is liable for its bad faith conduct.

WHEREFORE, plaintiff demands judgment in his favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with compensatory damages,

punitive damages, interest, costs of suit, attorney's fees and any other damages allowed by 41 Pa.
C.S.A. Section 8371.

## COUNT III - BREACH OF CONTRACT

27.    Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth
fully at length herein.

28.    Plaintiff entered into a contractual relationship with defendant by purchasing
policy number 01U2624U which includes coverage for underinsured motorist coverage
applicable to plaintiff.

29.    Defendant has a contractual fiduciary duty to adequately compensate plaintiff for
loss of earnings and qualify of life in excess of tortfeasor's policy limits. By failing to
adequately compensate plaintiff for loss of life's pleasures and future earnings, defendant is in
breach of contracted policy 01U2624U.

30.    On December 30, 2005 the Supreme Court of the Commonwealth of Pennsylvania
determined that the Insurance Department of the Commonwealth of Pennsylvania did not have
authority to require mandatory arbitration of underinsured motorist claims in *Insurance
Federation of Pennsylvania vs. Koken*, 2005 PA Lexis 3209 (PA 2005).

31.    Because the insurance department was without authority to mandate binding
arbitration as the method to dispose of underinsured motorist claims, plaintiff has the right to
have his case heard by a jury in accordance with the Constitution of the Commonwealth of
Pennsylvania and the Constitution of the United States of America.

32.    Plaintiff qualifies for underinsured motorist benefits under the insurance policy
provided by Main Street America Protection Insurance Company.

WHEREFORE, plaintiff demands judgment in his favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with compensatory damages, punitive damages, interest, costs of suit, attorney's fees and any other damages.


EDWARD M. ZAWROTNY, ESQUIRE
Attorney for Plaintiff

Date: 1/10/22

# VERIFICATION

Plaintiff, David Schwartz, verifies that the statements contained in the foregoing pleading are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

DAVID SCHWARTZ

Date  1/10/22

# EXHIBIT

# 2

EDWARD M. ZAWROTNY, ESQUIRE
Identification No:  64567
Suite 1331, 100 South Broad Street
Philadelphia, PA  19110
(215) 569-8070



*Filed and Attested by the
Office of Judicial Records
03 FEB 2022 11:59 am
E. HAURIN*

Attorney for Plaintiff

---

DAVID SCHWARTZ                          :       COURT OF COMMON PLEAS
34 Glasgow Road                         :       PHILADELPHIA COUNTY
Richboro, PA  18954                     :       CIVIL TRIAL DIVISION
                    Plaintiff           :
                                        :
            vs.                         :
                                        :
MAIN STREET AMERICA PROTECTION          :
INSURANCE COMPANY                       :
55 West Street                          :
Keene, NH   03431                       :
                    Defendant           :       NO: 220100624


## **AFFIDAVIT OF SERVICE**

I, EDWARD M. ZAWROTNY, ESQUIRE, being duly sworn according to law, depose

and say that I served a copy of a Civil Action Complaint upon the defendant, Main Street

America Protection Insurance on or about January 24, 2022, by Certified Mail, Return Receipt

Requested.  (Certified Mail Receipt Number 7020 1810 0001 6721 5247, together with USPS

Tracking is attached hereto and marked Exhibit "A")..

                                        EDWARD M. ZAWROTNY, ESQUIRE
                                        Attorney for Plaintiff, David Schwartz


SWORN TO AND SUBSCRIBED       :
BEFORE ME THIS 3rd    DAY     :
OF February           , 2022  :

_Theresa A. Kinslow_
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
THERESA A. KINSLOW, Notary Public
Philadelphia County
My Commission Expires July 21, 2022
Commission Number 1085674



Case ID: 220100624

# USPS Tracking®

**FAQs** >

## Track Another Package +

**Tracking Number:** 70201810000167215247

Remove ✕

Your item was picked up at a postal facility at 6:33 am on January 24, 2022 in KEENE, NH 03431.

**USPS Tracking Plus™ Available** ⌄

✓ **Delivered, Individual Picked Up at Postal Facility**

January 24, 2022 at 6:33 am
KEENE, NH 03431

Feedback

**Get Updates** ⌄

| **Text & Email Updates** | ⌄ |
|---|---|
| **Tracking History** | ⌄ |
| **USPS Tracking Plus™** | ⌄ |
| **Product Information** | ⌄ |

See Less ^

## Can't find what you're looking for?

Case ID: 220100624

# EXHIBIT

# 3



**MAIN STREET AMERICA PROTECTION
INSURANCE COMPANY**
55 West Street
Keene, NH 03431
MSAGroup.com

| | |
|---|---|
| **Policy Number:** | 01U2624U |
| **Account Number:** | 01U2624U |
| **Policy Period:** | 06/15/2019 to 06/15/2020 |
| **Policyholder Since:** | 06/15/2017 |

**Named Insured:**

SHIELA SCHWARTZ
DAVID SCHWARTZ
34 GLASGOW RD
RICHBORO, PA 18954

**Agency:** 371594005

SAFEGUARD INS AGENCY INC
201 BUSTLETON PIKE
FEASTERVILLE, PA 19053
(215) 355-5996

---

### Personal Automobile Policy Declarations – Amendment – Effective 09/01/2019

The SAFEGUARD INS AGENCY INC and Main Street America Protection Insurance Company thank you for your business.
Please review any changes made to your policy and contact your agent if you have any questions.  If any additional premium
is due, a bill will be mailed to you under separate cover.
**WHEN COLLISION COVERAGE IS PRESENT ON YOUR POLICY, YOUR POLICY COVERS COLLISION DAMAGE TO
VEHICLES RENTED TO YOU, LESS YOUR DEDUCTIBLE.**

Vehicle Change

Please refer to your insurance policy contract - form PP 0001 (01-05) - and any endorsements noted below for a full explanation of
your coverages. Coverage provided only where both Limit of Liability and Premium are shown.

---

| All Drivers and Household Residents | Age | Gender | Marital Status | Relation to Insured | Driver Status |
|---|---|---|---|---|---|
| SHIELA SCHWARTZ | 58 | Female | Married | Self | Active |
| DAVID SCHWARTZ | 57 | Male | Married | Spouse | Active |

---

| Vehicles | | VIN | Garaging Zip Code | Vehicle Use |
|---|---|---|---|---|
| 1 | 2006 DODGE RAM 2500 | 3D7KS29D16G222156 | 18954 | Work 3-14 mi |
| 2 | 2014 JEEP GRAND CHEROKEE | 1C4RJFJT1EC393514 | 18954 | Work 3-14 mi |
| 3 | 2019 FORD F250 | 1FT7W2B6XKEG00203 | 18954 | Pleasure |

---

| Additional Premium for Amendment | ███████ | 12 Months  Premium | ███████ |
|---|---|---|---|

*This is not a bill. Your invoice will follow in a separate mailing if applicable.*

Policy Number: 01U2624U

Policy Period: 06/15/2019 to 06/15/2020

| Overview of Policy Coverages, Limits of Liability, Premiums | Vehicle 1 | Vehicle 2 | Vehicle 3 | Vehicle |
|---|---|---|---|---|

**A. Bodily Injury Liability / Full Tort**
  $250,000 each person/$500,000 each accident
**Property Damage Liability**
  $100,000 each accident
**C. Uninsured Motorist Bodily Injury Non-Stacked / Full Tort**
  $250,000 each person / $500,000 each accident
**Underinsured Motorist Bodily Injury Non-Stacked / Full Tort**
  $250,000 each person / $500,000 each accident
Limits might be reduced by policy provisions or law.
**Basic First Party Benefits / Full Tort**
  Medical Expense Benefit $5,000 Limit

**Total Liability Premiums**

---

**Overview of Vehicle Specific Coverage:**      2006 DODGE RAM 2500 - VIN: 3D7KS29D16G222156

| Vehicle 1: | | Deductible | Premium |
|---|---|---|---|
| Collision | | $500 | |
| Other than Collision | | $250 | |
| Vehicle Discount(s) | (-$147.00) Anti-Theft, Anti-Lock, Multi-Vehicle | | |

Towing and Labor - $75 per Disablement
Transportation Expenses - $40/$1200
Liability Coverages      Listed Above

**Total Premium for 2006 DODGE**

---

**Overview of Vehicle Specific Coverage:**      2014 JEEP GRAND CHEROKEE - VIN: 1C4RJFJT1EC393514

| Vehicle 2: | | Deductible | Premium |
|---|---|---|---|
| Collision | | $500 | |
| Other than Collision | | $250 | |
| Vehicle Discount(s) | (-$207.00) Anti-Theft, Anti-Lock, Daytime Lights, Multi-Vehicle | | |

Additional Coverage(s)    Towing and Labor - $75 per Disablement
Transportation Expenses - $40/$1200
Liability Coverages      Listed Above

**Total Premium for 2014 JEEP**

---

**Overview of Vehicle Specific Coverage:**      2019 FORD F250 - VIN: 1FT7W2B6XKEG00203

| Vehicle 3: | | Deductible | Premium |
|---|---|---|---|
| Collision | | $500 | |
| Other than Collision | | $250 | |
| Vehicle Discount(s) | (-$175.00) Anti-Lock, Multi-Vehicle, New Vehicle | | |

Additional Coverage(s)    Towing and Labor - $75 per Disablement
Transportation Expenses - $40/$1200
Liability Coverages      Listed Above

**Total Premium for 2019 FORD**

Policy Number: 01U2624U                                    Policy Period: 06/15/2019 to 06/15/2020

**Additional Premium Discounts:**
Accident Free, Violation Free, Homeownership, Coverage Level, Good Payer, Paid In Full, New Business

**Lienholder/Loss Payee Information**
Vehicle 3    2019 FORD F250                FORD MOTOR CREDIT  ST LOUIS, MO 63179

| Forms and Endorsements | Form Number/Edition Date |
|---|---|
| Personal Auto Policy | PP0001  (01-05) |
| Amendment of Policy Provisions - Pennsylvania | 61-K627  (01-17) |
| Optional Limits Transportation Expenses Coverage | PP0302  (06-98) |
| Underinsured Motorists Coverage (Non Stacked) | PP0417  (01-16) |
| Uninsured Motorists Coverage - Pennsylvania (Non-Stacked) | PP0421  (01-16) |
| First Party Benefits Coverage-Pennsylvania | PP0551  (06/94) |
| Coverage For Damage to Your Auto Exclusion Endorsement | PP1301  (12-99) |
| Towing and Labor Costs Coverage | PP0303  (04-86) |
| Privacy Notice | 61-K466  (06-14) |

Countersignature _____